1

2

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3    MICHAEL V. LUJAN,                              Case No.: 3:21-cv-00152-MMD -WGC

4         Plaintiff                              **Report & Recommendation of**
                                                **United States Magistrate Judge**
5    v.
                                                   Re: ECF No. 12
6    STATE OF NEVADA, et. al.,

7         Defendants

8

9        This Report and Recommendation is made to the Honorable Miranda M. Du, Chief

10   United States District Judge. The action was referred to the undersigned Magistrate Judge

11   pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

12       Before the court is Plaintiff's amended complaint. (ECF No. 12.) The court screens the

13   amended complaint and recommends dismissal of this action with prejudice.

14                                  **I. BACKGROUND**

15       Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC),

16   proceeding pro se with this action. He filed an application to proceed *in forma pauperis* (IFP),

17   and complaint. (ECF Nos. 1, 1-1.)

18       Plaintiff's complaint named the State of Nevada, Janis K., Rachel and Christopher

19   Hampton (ex-coworkers), Asyia Carr (coworker), Osiris Parker (coworker), and Sheriff Deputy

20   John Trice. Plaintiff alleged he was jumped by his coworkers from Burger King that were trying

21   to rob him, and he broke his back and fractured ribs and the side of his face was based in,

22   requiring facial surgery and a back operation. In Claim 1, he said his rights under the First,

23   Second, Fourth, Fifth, Sixth, and Seventh through Tenth Amendments were violated. In Claim 2,

he alleged that his personal property rights were violated in a home invasion. In Claim 3, he

asserted a claim for sexual harassment, with references to his national origin as an American

Indian without any further allegations.

The undersigned issued a report and recommendation that Plaintiff's IFP application be

granted (requiring payment of the $350 filing fee over time), and that the complaint be dismissed

with leave to amend for failure to state a claim upon which relief may be granted. (ECF No. 8.)

District Judge Du adopted the report and recommendation. (ECF No. 10.) On September 1, 2021,

Plaintiff filed a document he titled his amended complaint (ECF No. 12), which the court now

screens.

## II. DISCUSSION

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time

if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal--

(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if

feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

2

1    Dismissal of a complaint for failure to state a claim upon which relief may be granted is

2  provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and

3  28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a

4  complaint under these statutes, the court applies the same standard as is applied under Rule

5  12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

6  12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

7  F.3d 719, 723 (9th Cir. 2000) (citation omitted).

8    The court must accept as true the allegations, construe the pleadings in the light most

9  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

10  395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

11  stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9

12  (1980) (internal quotation marks and citation omitted).

13    A complaint must contain more than a "formulaic recitation of the elements of a cause of

14  action," it must contain factual allegations sufficient to "raise a right to relief above the

15  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

16  must contain something more … than … a statement of facts that merely creates a suspicion [of]

17  a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a

18  plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at

19  570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

20    A dismissal should not be without leave to amend unless it is clear from the face of the

21  complaint that the action is frivolous and could not be amended to state a federal claim, or the

22  district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d

23  1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

On September 1, 2021, Plaintiff filed a document titled an amended complaint. The document references a warrantless arrest, and asserts that J. Trice did this in attempting arrest and trespassed and searched and seized personal property. He states that the officer was racially motivated in accusing Plaintiff of disturbing the peace. (ECF No. 12.)

Like the original complaint, Plaintiff's amended complaint does not contain sufficient *factual* allegations to state a claim against any defendant. While Plaintiff concludes that Trice committed a warrantless arrest and seizure, there are no *facts* included to support such a claim.

As Plaintiff has already been given an opportunity to amend, it is recommended that this action be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: January 3, 2022

_William G. Cobb_
William G. Cobb
United States Magistrate Judge

5