UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL V. LUJAN, | Case No. 3:21-cv-00152-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Michael V. Lujan, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983. After screening and dismissing the original complaint (ECF No. 1-1), the Court granted Lujan leave to file an amended complaint, which Lujan did (ECF No. 12 ("Amended Complaint")). Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 13), recommending the Court dismiss Lujan's Amended Complaint. Lujan filed an objection to the R&R. (ECF No. 15 ("Objection").) Because the Court agrees with Judge Cobb's analysis, the Court will adopt the R&R.

**II.   BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of Lujan's allegations in the FAC provided in the R&R, which the Court adopts. (ECF No. 13 at 2-3.)

**III.   DISCUSSION**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Although Lujan filed a document titled

"Motion: Objections to Magistrate Judges Report & Recommendation," Lujan does not make any arguments or reference the R&R in any way. (ECF No. 15.) However, even conducting a de novo review of the Amended Complaint, the Court agrees with Judge Cobb's conclusion. Accordingly, the Court will adopt the R&R and will dismiss this case.

The two-page Amended Complaint refers to a warrantless arrest. (ECF No. 12 at 1.) Lujan argues that J. Trice, after leaving a situation where he may or may not have had reasonable suspicion, returned and searched and seized personal property. (*Id.* at 1-2.) Lujan contends this is trespass and theft.[1] (*Id.* at 2.) Lujan's arguments are confusing—he describes an assault, but it is unclear whether Lujan is alleging that other people who are not parties to this lawsuit assaulted him, or whether J. Trice who Lujan claims unlawfully arrested him assaulted him. (*Id.*) Moreover, Lujan gives no facts relating to his arrest, so the Court is unable to determine whether he has a claim against any defendant which may proceed.

Judge Cobb reasoned that the Amended Complaint failed to cure the deficiencies in the original complaint. (ECF No. 13 at 4.) The Court agrees. Lujan has not included any facts which the Court can use to determine the plausibility of his allegations. Consequently, Judge Cobb recommends dismissing this action with prejudice and without leave to amend, as Lujan has already been given an opportunity to amend his complaint to state sufficient facts. (*Id.*) Here too, the Court agrees. The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG*

---

[1] In the Amended Complaint, Lujan argues that the seizure of his goods is "replevin." (ECF No. 12 at 2.) Because replevin is a remedy which the Court may use to order the return of personal property which has been taken unlawfully, the Court construes Lujan's argument as alleging that J. Trice took his property unlawfully and that Lujan seeks its return.

*Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Here, there has been no undue delay, nor any prejudice to the defendants. However, Lujan has already been given an opportunity to amend and failed to allege facts to support his allegations. The Court therefore concludes that granting Lujan leave to amend again would be futile, as there is no indication that he would supply facts to support his claims or clearly articulate who he is asserting claims against. The Court will therefore adopt the R&R in its entirety and will dismiss this action without leave to amend.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Lujan's objection (ECF No. 15) to the Report and Recommendation of U.S. Magistrate Judge William G. Cobb is overruled. The Report and Recommendation of U.S. Magistrate Judge William G. Cobb (ECF No. 13) is adopted in its entirety.

It is further ordered that this action is dismissed with prejudice and without leave to amend.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 20th Day of January 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE